IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SOUTHERN ENVIRONMENTAL LAW CENTER, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 3:24-cv-494<br>) |
| TENNESSEE VALLEY AUTHORITY, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Southern Environmental Law Center ("SELC") respectfully alleges as follows:

**NATURE OF THE ACTION**

1. This is a suit for declaratory and injunctive relief challenging the Defendant Tennessee Valley Authority's ("TVA's") failure to respond timely to a request for public information under the Freedom of Information Act ("FOIA").

2. SELC requested records pursuant to FOIA related to TVA's plans to source methane gas for its existing or planned power plants: namely, a request for TVA communications with pipeline companies regarding new gas pipelines to supply those power plants.

3. TVA has failed to comply with statutory deadlines to produce documents in response to this request. This delay is detrimental to SELC's and the public's understanding of TVA's plans to supply gas to its existing or planned power plants, including the construction of new gas pipelines.

4. Despite repeated attempts to contact TVA and resolve the matter without litigation, SELC has not received any requested records.

1

5. SELC therefore seeks declaratory and injunctive relief from this court as provided under FOIA.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 5 U.S.C. § 552 (FOIA grant of jurisdiction), 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. §§ 2201, 2202 (authority to issue declaratory judgment and further necessary or proper relief).

7. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), SELC is "deemed to have exhausted [its] administrative remedies" because TVA has "fail[ed] to comply with the applicable time limit provisions" of FOIA.

8. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B), which provides for judicial review in the district "in which the agency records are situated"; under 28 U.S.C. § 1391(c)(2), which provides for venue in a district where the defendant is subject to the court's personal jurisdiction; and/or under 28 U.S.C. § 1391(b)(1) because TVA maintains its headquarters and principal place of business in this District.

## PARTIES

**Plaintiff Southern Environmental Law Center**

9. Plaintiff Southern Environmental Law Center is a 501(c)(3), nonprofit public interest environmental legal organization with a focus on six Southeastern states.

10. SELC is a "person" for the purposes of FOIA. 5 U.S.C. § 551(2).

11. SELC uses public advocacy and the law to protect the people and natural resources of the Southeast and, in particular, to gather, analyze, and disseminate public information about activities affecting human health and the environment. SELC disseminates information to the general public through its website, *southernenvironment.org*, which is updated regularly, as well as through press releases, media interviews, social media, and public comment

letters. SELC attorneys also regularly attend and speak at public meetings and hearings throughout the region, informed by and sharing their analysis of public information.

12. SELC has submitted public comments on TVA's power generation plans, and associated methane gas pipeline construction activities, throughout the Southeast on its own behalf and on behalf of other interested organizations. Among other topics, these comments have called for TVA to transition from a system that heavily relies on fossil fuels to a portfolio of cleaner electricity resources. SELC is hampered in its efforts to effectively advocate on behalf of itself and organizations whose members are TVA ratepayers when the agency unlawfully delays access to public information like the records related to TVA's gas supply plans that are at issue in this matter.

### Defendant Tennessee Valley Authority

13. Defendant Tennessee Valley Authority is a corporate agency and instrumentality of the United States created by and existing pursuant to the Tennessee Valley Authority Act of 1933. *See* 16 U.S.C. § 831 *et seq.* ("the TVA Act"). The TVA Act provides that TVA "[m]ay sue or be sued in its corporate name." 16 U.S.C. § 831c(b).

14. TVA is an "agency" within the definition provided by FOIA. 5 U.S.C. § 551(1).

15. TVA maintains its headquarters and FOIA office in Knoxville, Tennessee.

16. TVA has possession or control of the information at issue in this matter.

## LEGAL BACKGROUND

### Freedom of Information Act

17. The Freedom of Information Act reflects "a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." *Dep't of Air Force v. Rose*, 425 U.S. 352, 360–61 (1976) (quoting legislative history) (internal quotation

marks omitted). FOIA "seeks to ensure that government officials are held accountable to an informed electorate," and "'[d]isclsoure, not secrecy, is the dominant objective of the Act.'" *Schell v. U.S. Dep't of Health & Hum. Servs.*, 843 F.2d 933, 937 (6th Cir. 1988) (quoting *Rose*, 425 U.S. at 361).

18. "[T]he time provisions of the Act are central to its purpose." *Hayden v. U.S. Dep't of Justice*, 413 F. Supp. 1285, 1288 (D.D.C. 1976). FOIA requires federal agencies to "promptly" make non-exempt records available upon request. 5 U.S.C. § 552(a)(3)(A). Agencies must "determine . . . whether to comply" with a request within 20 working days of receiving the request, and they must "immediately notify" the requester of that determination. *Id.* § 552(a)(6)(A). Agencies may extend their deadline for responding by up to 10 working days if unusual circumstances apply and they provide timely notice to the requester. *Id.* 5 U.S.C. § 552(a)(6)(B).

19. To make a "determination" under FOIA, "the agency must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Resp. & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013); *see also Martinez v. U.S. State Dep't*, No. 3-14-1616, 2015 WL 222210, at *2 (M.D. Tenn. Jan. 14, 2015). The agency must also "inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Citizens for Resp.*, 711 F.3d at 188.

20. FOIA obligates the responding agency to make "reasonable efforts to search" for the requested records. 5 U.S.C. § 552(a)(3)(C). Under FOIA, an agency bears the burden of "demonstrat[ing] that it has conducted a search reasonably calculated to uncover all relevant

documents." *Ethyl Corp. v. U.S. EPA*, 25 F.3d 1241, 1246 (4th Cir. 1994) (quoting *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984) (internal quotation marks omitted)).

21. While an agency may withhold documents according to exemptions specified under FOIA, such exemptions must be expressly invoked, 5 U.S.C. § 522(b), and the agency bears the burden of establishing that withheld information is exempt from release. *Id.* § 552(a)(4)(B).

22. If an agency denies, in whole or in part, a request for records under FOIA, the agency must provide any "reasonably segregable portion" of each record after deleting any portions that are exempt under the statute. *Id.* § 552(b).

### TVA's FOIA Regulations

23. TVA's FOIA regulations establish a multi-track processing procedure, by which TVA assigns FOIA requests to different "tracks" based "on the nature of the request and the estimated processing time, including a consideration of the number of pages involved." 18 C.F.R. § 1301.5(b).

24. According to the agency, Track 1 requests are the fastest to process and "ordinarily" will receive a response within 20 working days of receipt by the FOIA Officer. *Id.* § 1301.5(b)(1). TVA places requests on Track 2 if they will take longer for the agency to process, and requests placed on Track 3 are those that will take the longest to process. *Id.* § 1301.5(b)(2), (3).

### FACTUAL BACKGROUND

25. On July 25, 2023, SELC submitted a FOIA request seeking records related to TVA's communications with methane gas pipeline companies about plans to supply TVA's existing and planned power plants with gas, including securing such supply via construction of

new gas pipelines. This request sought records produced from January 1, 2020 until the date of the search for responsive records. A true and correct copy of the FOIA request is attached as Exhibit 1.

26. On July 25, 2023, an email to SELC from AINS, identified in the email as "TVA's authorized FOIA case management vendor," acknowledged receipt of the request and assigned it tracking number 23-FOI-00180. The email did not provide any information about the timing of a "determination" by TVA as to whether to fulfill the request. A true and correct copy of this email is attached as Exhibit 2.

27. On March 15, 2024, TVA FOIA Officer Denise Smith sent a letter explaining that TVA continued to process SELC's request for records. The letter stated that Ms. Smith had met with the relevant TVA business unit likely to hold responsive records, but the letter provided no information or update regarding a determination on the request or the production of any responsive records. TVA invited SELC to discuss and narrow its request for records. A true and correct copy of this letter is attached as Exhibit 3.

28. In April 2024, in response to TVA's assertion that the first component of the original request would involve an extremely large volume of records, SELC clarified and narrowed the scope of its requests. SELC agreed to revise Paragraph 1 of the request to ask for only "Communications relating to the precedent agreements TVA executed with Kinder Morgan and Enbridge subsidiaries for gas supply at TVA's plants at Cumberland City, TN and Kingston, TN."

29. On May 9, 2024, TVA asked an additional clarifying question about the scope of the records sought, and informed SELC that TVA thought it could collect responsive records by May 31. SELC answered TVA's question on the same day that it was received: May 9, 2024.

30. A true and correct copy of SELC's email exchange with TVA in April and May of 2024 is attached as Exhibit 4.

31. SELC has received none of the requested records, nor any further updates from TVA as to the status of its response to this FOIA request since May 9, 2024.

32. TVA has not communicated with SELC about this request since May 9, 2024, and TVA has not provided any records responsive to the request as of the filing of this complaint.

**SELC'S Constructive Exhaustion of Administrative Remedies**

33. SELC has exhausted its administrative remedies because TVA has failed to make a "determination" on its FOIA requests within the prescribed statutory period. 5 U.S.C. § 552(a)(6)(A), (C).

34. Contrary to the requirements for making a determination, TVA has not communicated the scope of the records it intends to produce in response to SELC's FOIA requests.

35. Contrary to the requirements for making a determination, TVA has not invoked a FOIA exemption for any of the records responsive to SELC's FOIA requests that it intends to withhold.

36. Contrary to the requirements for making a determination, TVA has not informed SELC of its right to administratively appeal any portion of the determination that is adverse.

37. TVA has not released any documents responsive to SELC's FOIA requests.

38. TVA has not provided a schedule of production for the responsive documents to any of SELC's FOIA requests.

## CLAIMS FOR RELIEF

### COUNT ONE: FOIA Violations Related to SELC's July 2023 FOIA Request

39. SELC incorporates by reference all preceding paragraphs of this Complaint as if fully stated herein.

40. More than 20 working days have passed since the submission of SELC's FOIA request.

41. TVA has not made a "determination" as required by 5 U.S.C. § 522(a)(6)(A) for SELC's FOIA request.

42. TVA has violated FOIA by failing to conduct a reasonable search as is required by 5 U.S.C. § 552(a)(3)(C) for records responsive to SELC's FOIA request.

43. TVA has violated FOIA by failing to provide SELC with all non-exempt records responsive to its FOIA request.

44. By failing to make a determination, conduct a reasonable search, and provide SELC with all non-exempt records responsive to its FOIA request, TVA has denied SELC's right to this information as provided by law under FOIA.

45. Unless enjoined by this Court, TVA will continue to violate SELC's legal right to be timely provided with the information requested in its FOIA request.

46. SELC is directly and adversely affected and aggrieved by TVA's failure to provide responsive records to its FOIA request, as described above.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. DECLARE that TVA has violated and is continuing to violate FOIA by failing to make a timely "determination" as required by 5 U.S.C. § 552(a)(6)(A) for SELC's request.

B. DECLARE that TVA has violated and is continuing to violate FOIA by failing to complete an adequate search for records in response to SELC's request;

C. DECLARE that TVA has violated and is continuing to violate FOIA by failing to provide SELC with all non-exempt documents responsive to SELC's request;

D. DIRECT TVA to search for and provide all non-exempt, responsive documents to SELC without further delay;

E. RETAIN jurisdiction over this matter to rule, if necessary, on the adequacy of TVA's search for responsive documents or on assertions by TVA that any responsive documents are exempt from disclosure;

F. ORDER TVA to produce an index identifying any documents or parts thereof that it withholds and the basis for the withholdings pursuant to 5 U.S.C. § 552(a)(8) and 552(b) in the event TVA determines that certain responsive records are exempt from disclosure;

G. AWARD SELC its reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

H. GRANT any other relief the Court deems just and proper.

Respectfully submitted this 16th day of December, 2024.

**SOUTHERN ENVIRONMENTAL LAW CENTER**

*s/ O.W. "Trey" Bussey*
O.W. "Trey" Bussey, TN BPR No. 037814
SOUTHERN ENVIRONMENTAL LAW CENTER
1033 Demonbreun Street
Suite 205
Nashville, TN 37203
Telephone: (615) 921-9470
Facsimile: (615) 921-8011
tbussey@selctn.org

Jonathan Gendzier, VSB No. 90064
   *Pro hac vice application forthcoming*
SOUTHERN ENVIRONMENTAL LAW CENTER
120 Garrett Street, Suite 400
Charlottesville, VA 22902
Telephone: (434) 977-4090
Facsimile: (434) 993-5549
jgendzier@selcva.org

*Counsel for Plaintiff*